UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| Carol Bobbitt Orr ) | Case No.: 09-50830 C-7W |
| ) | |
| _____Debtor_____ ) | |

ORDER AND OPINION DENYING REAFFIRMATION AGREEMENT

THIS MATTER came on to be heard before the Court on July 15, 2009, pursuant to Section 524 of the United States Bankruptcy Code, for consideration of a reaffirmation agreement between Carol B. Orr ( the "Debtor") and Wachovia Dealer Services (the "Creditor") and to show cause as to why the reaffirmation agreement should not be stricken as a result of the failure of the Creditor to provide evidence of a lien against the title of the Debtor's automobile. Bill I. Long, Jr. appeared on behalf of the Debtor. The Debtor sought to reaffirm a debt in the amount of $17,467.48, which debt was purportedly secured by a 2009 Honda Fit automobile.

The reaffirmation agreement was filed with the Court on June 16, 2009, and was; therefore, filed within sixty (60) days after the first date set for the Section 341 meeting of creditors as required by Bankruptcy Rule 4008(a). The Debtor filed her bankruptcy petition on April 23, 2009, and on the same date filed a statement of intentions indicating she intended to retain the 2009 Honda Fit and reaffirm the debt with the Creditor. The Creditor sent a reaffirmation agreement to counsel for the Debtor, which was subsequently signed by the Debtor on June 9, 2009, for return to the Creditor. On June 10, 2009, counsel for the Debtor, Bill I. Long, Jr. returned the signed reaffirmation agreement to the Creditor along with a letter advising the Creditor to make certain to file the proper documents evidencing the lien of the Creditor against the vehicle and further advising the Creditor that the Court would not approve the reaffirmation agreement if the proper documents were not filed along with the reaffirmation agreement. No supporting documents were filed by the Creditor along with, or subsequent to, the filing of the reaffirmation agreement.

Upon reviewing the agreement, the record in the case, and the arguments presented at the hearing, the Court finds that the Debtor properly filed her statement of intention indicating that she wanted to reaffirm the debt, as required by Section 524 of the United States Bankruptcy Code, and further, the Debtor took all reasonable steps to perform her intention with respect to such property pursuant to Section 521(a)(2).

It is therefore ORDERED that the reaffirmation agreement between the Debtor and the Creditor, filed on June 16, 2009, is stricken and will not be approved by the Court as the reaffirmation agreement did not contain sufficient evidence the debt was a secured debt as alleged by the Creditor in the agreement. Further, since the Debtor timely complied with the requirements of Sections 524(c) and 521(a)(2), and in all respects agreed to reaffirm the debt on the original terms of the contract, the Court finds that (1) the automatic stay remains in effect, (2) the vehicle remains property of the estate pursuant to Section 362(h)(1)(B), and (3) the ipso facto clause of the contract, if any, remains ineffectual, as provisions of Section 521(d) that would give it effect have not been met, so long as the Debtor remains current in her payments on the property.  See <u>Coastal Federal Credit Union v. Hardiman</u>, 398 B.R. 161, 189 (E.D.N.C. 2008); <u>In re Husain</u>, 364 B.R. 211, 219 (Bankr. E.D. Va. 2007); <u>In re Hinson</u>, 352 B.R. 48, 53 (Bankr. E.D.N.C. 2006).

## **PARTIES IN INTEREST**

Carol Bobbitt Orr

Bill I. Long, Jr.

W. Joseph Burns

Michael D. West

Wachovia Dealer Services